```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

CURKLIN ATKINS                              CIVIL ACTION

VERSUS                                      NO: 07-6977

LEXINGTON INSURANCE COMPANY,                SECTION: R(3)
ET AL.
```

## ORDER AND REASONS

Before the Court is defendant Standard Fire Insurance Company's unopposed Motion for Summary Judgment. For the following reasons, the Court GRANTS the motion.

Plaintiff Curklin Atkins is a Louisiana homeowner whose home was damaged by Hurricane Katrina and/or Hurricane Rita. Atkins' home is located at 3708 Lake Kristin Drive in Gretna, Louisiana. In 2006, plaintiff filed suit against Lexington Insurance Company and Martin Insurance Agency in Louisiana state court. The case was removed to federal court, and this Court remanded the case to state court. (06-1254, R. Doc. 13). On August 27, 2007, Atkins filed a First Supplemental and Amending Petition in state court

that named The Standard Fire Insurance Company ("Standard Fire") as a defendant. Standard Fire had issued plaintiff a Standard Flood Insurance Policy (SFIP) as a "Write-Your-Own" carrier under the National Flood Insurance Program. The case was again removed to federal court. (R. Doc. 1). Plaintiff alleges that Standard Fire failed to provide him with funds for losses sustained as a result of Hurricane Katrina and/or Hurricane Rita.

On July 16, 2008, Standard Fire filed its motion for summary judgment. Standard Fire argues that plaintiff's claim is barred because plaintiff did not comply with conditions precedent set forth in his SFIP before filing suit. Specifically, Standard Fire contends that plaintiff failed to comply with Article VII(J)(4), which requires a plaintiff to timely submit a sworn proof of loss. Standard Fire asserts that plaintiff's claims are therefore barred under the terms of the SFIP. *See e.g.*, *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (explaining that provisions of the SFIP must be strictly construed and enforced); *Gowland v. Aetna, Inc.*, 143 F.3d 951, 954 (5th Cir. 1998) (explaining that "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the (SFIP)"); *Lafon v. State Farm Fire and Cas. Co.*, No. Civ. A. 99-27, 1999 WL 511400, at *2 (holding that an insured's failure to provide a complete, sworn proof of loss statement as required

by the flood insurance policy relieves the federal insurer's obligation to pay what otherwise might be a valid claim).

Standard Fire further contends that plaintiff, as a holder of an SFIP, cannot assert extra-contractual state-law claims because such claims are barred and preempted by federal law. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (holding that the National Flood Insurance Act does not expressly authorize policyholders to bring extra-contractual claims against WYO insurers and that there is no evidence of congressional intent to allow policyholders to file extra-contractual claims under the Act).

The Court has reviewed Standard Fire's motion and the applicable law. Finding that it has merit, the Court hereby GRANTS Standard Fire's motion for summary judgment. Plaintiff's claims against Standard Fire are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 23rd day of September, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE