UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURKLIN ATKINS                          CIVIL ACTION

VERSUS                                  NO: 07-6977

LEXINGTON INSURANCE COMPANY,            SECTION: R(5)
ET AL.

### ORDER AND REASONS

Before the Court are the Motions in Limine of plaintiff Curklin Atkins and defendant Lexington Insurance Company.  For the following reasons, the Court DENIES the plaintiff's motion, and GRANTS the defendant's motion IN PART and DENIES the motion IN PART.

I.   **BACKGROUND**

Plaintiff Curklin Atkins is a Louisiana homeowner whose home was damaged by Hurricane Katrina and/or Hurricane Rita.  Atkins' home is located at 3708 Lake Kristin Drive in Gretna, Louisiana. Plaintiff's home was insured by Lexington Insurance Company under

homeowners' policy No. LE 061365901, from August 31, 2004 through August 31, 2005.  Plaintiff purchased another homeowners' policy from Lexington and was insured under policy No. LE 061346902 from August 31, 2005 through August 31, 2006.  Both policies provided the following coverage:  Coverage A (dwelling) $680,000.00; Coverage B (other structures) $68,000.00; Coverage C (contents); and Coverage D (additional living expenses) $136,000.

Plaintiff sued Lexington and Martin Insurance Agency in Louisiana state court on January 6, 2006.  The case was removed to federal court, and this Court remanded the case to state court. (06-1254, R. Doc. 13).  On August 27, 2007, Atkins filed a First Supplemental and Amending Petition in state court that named The Standard Fire Insurance Company ("Standard Fire") as a defendant.  Standard Fire had issued plaintiff a Standard Flood Insurance Policy (SFIP) as a "Write-Your-Own" carrier under the National Flood Insurance Program.  The case was again removed to federal court. (R. Doc. 1).  The Court dismissed Standard Fire and Martin Insurance Company from the case. (R. Docs. 13 & 51).

Plaintiff claims that Lexington breached its insurance agreement.  Specifically, plaintiff alleges that Lexington failed and/or refused to respond to plaintiff's telephone requests that a hazard insurance claim adjuster come by his home to document his claims.  Plaintiff also alleges that Lexington failed to

provide plaintiff with timely additional living expenses.
Plaintiff asserts that Lexington breached its legal duty of good
faith and fair-dealing.  Plaintiff further claims that Lexington
breached its affirmative duty to adjust plaintiff's claim of
damages fairly and promptly and to make a reasonable effort to
settle the claim.  Plaintiff seeks to recover damages, penalties,
and attorney's fees under Louisiana law.  Defendant asserts that
it did not breach its agreement and in fact determined that
plaintiff's dwelling sustained the following damages: $32,997.03
under Coverage A, $7,762.54 under Coverage B, $6,639.00 under
Coverage C, and $5,000 under Coverage D.  Defendant alleges that
after applying the deductible ($2,500) and deducting the amounts
advanced under Coverage A and D ($5,000 each), it calculated the
payment due to plaintiff to be $32,898.00 and paid him that
amount.  Trial is scheduled for September 29, 2008.

Plaintiff moves in limine to exclude the testimony of
defendant's claims adjuster Greg Chester, as well as any exhibits
prepared by him and testimony about reports or damage estimates
he made.  Defendant Lexington moves in limine to exclude the
following evidence: (1) evidence relating to plaintiff's claim
for additional living expenses (ALE) beyond the period of time
required to repair or replace the damage; (2) evidence or
testimony regarding the post-Katrina amendments to Louisiana

3

Revenue Statute § 22:658;(3)evidence or testimony relating to plaintiff's claim for Replacement Cost Value; and (4) evidence relating to mental anguish.

## II.   DISCUSSION

### A.   Testimony of Greg Chester

Plaintiff seeks to exclude all evidence relating to defendant's claims adjuster Greg Chester, including Chester's on testimony.  Plaintiff claims that Chester's testimony and report are irrelevant since Chester did not inspect the interior of his residence.  Plaintiff also claims that he will be unable to take the deposition testimony of Chester before trial.  Plaintiff further claims that any reports produced by Chester are inadmissible since plaintiff cannot authenticate them.

The Court finds that the evidence is relevant and admissible.  Chester's testimony and reports are relevant to the amount of the payment Lexington initially tendered to Atkins and whether Lexington acted in good faith in tendering that amount. Further, Chester's report is admissible under the business records exception of the hearsay rule, *see* Fed. R. Evid. 803(6), and Lexington has offered the written declaration of the record's custodian to properly authenticate the document. *See* Fed. R. Evid. 902(11).  Finally, as plaintiff filed its motion in limine

4

on August 19, 2008, well over a month before trial, the Court is not persuaded that plaintiff did not have sufficient time to take Chester's deposition.  Accordingly, the Court DENIES plaintiff's motion.

      **B.**    **Additional Living Expense documentation**

Defendant seeks to exclude any ALE documentation outside the period of time required to repair or replace the damage to plaintiff's home.  The insurance policy provides that the insured can recover ALE, but that these payments "will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere." (R. Doc. 56-3 at 8).  Defendant essentially contends that the plaintiff can only recover four months of ALE since its second claims adjuster, Bill Dunn, stated, in his August 22, 2008 report, that the maximum time needed for repairs to the home was four months.

The Court agrees that recovery of ALE under the contract is limited to the shortest time necessary to repair or replace the damage to plaintiff's home.  As such, evidence of ALE beyond the period of time necessary to repair the home would be irrelevant and thus inadmissible under Federal Rule of Evidence 402.  Still, there is an issue of fact as to the shortest time necessary to

repair plaintiff's home.  If the shortest time necessary to repair plaintiff's home extends beyond four months, plaintiff's additional documentation of ALE would be relevant to the extent it falls within the time frame.  Accordingly, plaintiff's evidence of ALE is conditionally relevant and shall be admitted subject to the introduction of evidence sufficient to support a finding that the ALE was incurred within the shortest time necessary to repair plaintiff's home. *See* Fed. R. Evid. 105(b).

### C.   Post-Katrina amendments to La. Rev. Stat. § 22.658

Defendant also moves to exclude any reference to Louisiana Revised Statute 22:658, which increased the penalties available to an insured upon breach of an insurance contract to 50% of the amount found to be due.  In June 2006, the Louisiana legislature passed an amendment that increased the penalty recoverable under La. Rev. Stat. § 22:658 from 25% to 50% of the amount an insurance claimant was owed and reinstated a provision for reasonable attorney's fees and costs. *See Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 197 (La. 2008).  The statute took effect on August 15, 2006, and the Supreme Court of Louisiana has held that the changes do not apply retroactively. *Id.* at 201.  The statute provides:

A (1) All insurers issuing any type of contract . . .

6

> shall pay the amount of any claim due any insured
> within thirty days after receipt of satisfactory proofs
> of loss from the insured . . .
>
> B (1) Failure to make such payment within thirty days
> after receipt of such satisfactory written proofs and
> demand . . . when such failure is found to be
> arbitrary, capricious, or without probable cause, shall
> subject the insurer to a penalty, in addition to the
> amount of the loss, of fifty percent damages on the
> amount found to be due from the insurer to the insured
> . . . or in the event a partial payment or tender has
> been made, fifty percent of the difference between the
> amount paid or tendered and the amount found to be due
> as well as reasonable attorney fees and costs.

La. Rev. Stat. 22:658.  Defendant asserts the statute does not

apply since the claim arose before the amendment.  Plaintiff

claims the amended version of the statute applies since Lexington

never paid his initial claim.

    *Sher* holds that, although an insurer has a continuing duty

of good faith and fair dealing, claims that first arose before

the amendment of Section 22:658 are covered by the previous

statute and its 25% penalty provision. *Sher*, 988 So.2d at 199.

The later statute applies, however, if the plaintiff's cause of

action arose after the amendment. *Id.*  The *Sher* court explained

that a plaintiff's cause of action can arise: (1) when the

insurer fails to pay 30 days after receiving satisfactory proof

of loss; (2) when a complaint is filed, if plaintiff had not

previously provided satisfactory proof of loss; or (3) when

7

defendant fails to pay within 30 days when plaintiff, provides
satisfactory proof of loss of new damage, even if defendant
already paid plaintiff for previously discovered damage.

        The Court finds that the claim and plaintiff's lawsuit arose
before the amendment.  Plaintiff originally filed suit on January
6, 2006, well over six months before the amendment went into
effect.  Plaintiff listed his damages extensively in his
complaint, and thus if he had not previously provided Lexington
with satisfactory proof of loss, the complaint sufficiently put
Lexington on notice of his loss.  Further, the court has no
evidence that plaintiff has sustained any new damage since
Hurricane Katrina and Hurricane Rita.  Plaintiff's claimed ALE do
not constitute new damage.  While he may continue to incur ALE,
Atkins listed Lexington's failure to provide ALE to plaintiff in
his original complaint and thus this claim was a part of the
cause of action that arose when plaintiff filed suit six months
before the amendment to Section 22:658.  Accordingly, the Court
GRANTS defendant's motion to exclude any reference to amended
Section 22:658.


        **D.    Evidence of Replacement Cost Value**

        Defendant also seeks to exclude evidence of the cost to
repair or replace plaintiff's residence.  Defendant asserts that

8

this evidence should be excluded since the Lexington insurance policy provides coverage only for the actual cash value of the property unless the damaged property has been repaired or replaced.  In its motion in limine, however, defendant notes that the actual cash value is "the replacement cost value of the property, less depreciation."  Thus, defendant seemingly concedes that the replacement cost value of the property is at least relevant to the calculation of the actual cash value of the property.  Accordingly, the Court finds that the evidence is relevant and admissible.

### E.    Mental anguish evidence

Defendant also contends that any evidence of mental anguish should be excluded under *Sher*.  Defendant avers that the *Sher* court held that damages for mental anguish are not recoverable under La. Rev. Stat. § 22:1220.  The Louisiana Supreme Court's holding, however, is not so broad.  The court simply held that the plaintiff *in that particular case* failed to provide sufficient evidence to recover mental anguish damages pursuant to Louisiana Civil Code Article 1998, which permits damages for nonpecuniary loss in contract claims. *See Lambert v. State Farm Fire and Cas. Co.*, 2008 WL 2185419 (E.D. La. May 20, 2008) (Africk, J.) (citing *Sher*, 988 So.2d at 203).  Specifically, the

Louisiana Supreme Court determined that, while he had proffered evidence that the property at issue had sentimental value to him, plaintiff did not provide any evidence that the insurance company knew or should have known that its failure to perform would cause mental anguish or that the insurer intended to "aggrieve the feelings" of the plaintiff because of its failure to pay. *Sher*, 988 So.2d at 202-03.  Moreover, the Supreme Court made no ruling one way or the other under Section 22:1220 as to whether damages for mental anguish are recoverable as general damages under Section 22:1220.  Before *Sher,* this Court listed extensive reasons for the conclusion that mental anguish damages are recoverable under Section 22:1220 in *Weiss v. Allstate*, *Co.,* 512 F. Supp. 2d 463*,* 474 (E.D. La. 2007), which it incorporates here. *See also Boers v. State Farm Fire & Casualty Co.*, 2007 WL 2670087, at *1 (E.D. La. Sept. 7, 2007) (Berrigan, C.J.); *Orellano v. Louisiana Citizens Prop. Ins. Co.*, 972 So.2d 1252, 1254-56 (La. App. 4 Cir. 12/5/07).  Accordingly, plaintiff will be allowed to introduce evidence in this regard, and thus defendant's motion is DENIED.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES both Motions in Limine.

New Orleans, Louisiana, this 29th day of September, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11