UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURKLIN ATKINS                          CIVIL ACTION

VERSUS                                  NO: 07-6977

LEXINGTON INSURANCE COMPANY,            SECTION: R(5)
ET AL.

**<u>ORDER AND REASONS</u>**

Before the Court are plaintiff Curklin Atkins' motion for "execution" of the judgment and motion for a new trial. Because neither party has moved to alter or amend the judgment issued herein, the judgment stands. Further, the Court DENIES the motion for a new trial.

**I.   Background**

Plaintiff Curklin Atkins is a Louisiana homeowner whose home was damaged by Hurricane Katrina and/or Hurricane Rita. Atkins' home is located at 3708 Lake Kristin Drive in Gretna, Louisiana. Plaintiff's home was insured by Lexington Insurance Company under

homeowners' policy No. LE 061365901 from August 31, 2004 through August 31, 2005.  Plaintiff was insured under another Lexington Policy, No. LE 061346902 from August 31, 2005 through August 31, 2006.  Both policies contained the following coverage: Coverage A (dwelling) $680,000.00; Coverage B (other structures) $68,000.00; Coverage C (contents); and Coverage D (additional living expenses) $136,000.00.

Plaintiff sued Lexington and Martin Insurance Agency in Louisiana state court on January 6, 2006 for breach of contract and improper claims adjustment.  The case was removed to federal court, and this Court remanded the case to state court. (06-1254, R. Doc. 13).  On August 27, 2007, Atkins filed a First Supplemental and Amending Petition in state court naming The Standard Fire Insurance Company as a defendant.  Standard Fire had issued plaintiff a Standard Flood Insurance Policy (SFIP) as a "Write-Your-Own" carrier under the National Flood Insurance Program.  The case was again removed to federal court. (R. Doc. 1).  The Court dismissed Standard Fire and Martin Insurance Agency from the case before trial. (R. Docs. 13 & 51). The Court held a two-day jury trial on plaintiff's claims on September 29-30, 2008.  The jury returned a verdict for plaintiff in the amount of $66,330.54, plus legal interest and court costs. (R. Doc. 66).  Plaintiff now moves to execute the judgment and for a

new trial.

**II. Discussion**

    **A. Motion for a new trial**

Plaintiff asserts that there are two grounds for a new trial.  Plaintiff claims that the jury was improperly influenced and misled by statements by defense counsel concerning the amount of funds plaintiff received from the Small Business Administration and/or the Louisiana Road Home program, despite the Court's instruction that the jury was not to consider these funds in its award of damages.  Plaintiff also claims that the participation of an alternate juror in jury deliberations improperly affected the jury.  Defendant contends that plaintiff's motion is untimely and baseless.

Rule 59(b) requires that a motion for new trial be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(b).  This Court entered judgment in this case on October 10, 2008. (R. Doc. 66).  Plaintiff filed the instant motion on November 7, 2008. (R. Doc. 67).  Because his motion was filed more than 10 days after judgment, his motion for a new trial is considered a motion for "relief from judgment" under Rule 60(b). *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167,

173 (5th Cir. 1990). Under Rule 60(b) a court will grant relief from a final judgment or order only upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Plaintiff has not shown any of the above-listed reasons for relief from the judgment. Plaintiff merely argues that statements about his receipt of Road Home and SBA funds prejudiced the jury. Plaintiff's only proffered evidence of prejudice, however, is the fact that post-judgment, defendant has attempted to tender funds to the plaintiff in the name of the SBA and/or Road Home. This post-judgment evidence simply has no relevance to whether the jury was prejudiced in rendering its verdict.

Plaintiff's second argument also lacks merit.  Plaintiff claims that the participation of an alternate juror in deliberations improperly affected the judgment.  The jury, however, contained no alternate juror.  Under Federal Rule of Civil Procedure 48, a jury must have at least six and no more than 12 members, and each juror must participate in the verdict unless excused under Rule 47(c).  The jury in plaintiff's case consisted of seven jurors and no alternates.  This Court typically selects seven jurors so that in the event that one juror cannot complete the trial, the jury will still meet the six-member minimum required by Rule 48.  Because none of the seven jurors was an alternate, each juror was required to participate in the verdict under Rule 48.  The participation of all jurors thus did not prejudice plaintiff's case.  Moreover, plaintiff did not object to this matter at trial.  Because plaintiff has not shown why he is entitled to relief from the judgment under Rule 60, the Court DENIES his motion.

**B. Motion to execute the judgment**

Plaintiff has improperly styled his next motion as a motion to "execute" the judgment.  Plaintiff does not, however, pray that the Court issue a writ of *fieri facias*, but rather asks the Court to instruct and direct defendant to issue the funds in the sole name of plaintiff and plaintiff's counsel.  Lexington

5

contends that the SBA, Road Home, and Countrywide Home Loans, Inc. should also be named as payees on any payments made to the plaintiff. Lexington explains that to obtain loans through Road Home and the SBA, plaintiff had to assign SBA and Road Home the money due under its insurance policy. Lexington contends that SBA and Road Home, as assignees, must thus be named as payees on the judgment. As for Countrywide Homes, Lexington asserts that the insurance policy requires that it be named as a payee because it is a mortgagee named in the policy. Lexington has not sought to alter or amend the judgment issued in this matter.

Lexington cites two cases in support of its contentions. In *Hacienda Construction, Inc. v. Veals*, 2008 WL 2354993 at *3 (E.D. La. 2008), the insured received a disaster loan from the SBA to cover hurricane-related damage to her property. SBA, a party to the litigation, filed a motion for summary judgment seeking an award of the insurance proceeds. The court concluded that, as a matter of law, SBA as assignee should be awarded the insurance proceeds from the policy up to the amount the insured owed SBA on the loan. *Id.* Lexington also relies on *Ayers v. State Farm Fire and Cas. Co.,* 2007 WL 1378401 (S.D. Miss. 2007). There, State Farm moved to dismiss, alleging that plaintiffs lacked standing because they had assigned their insurance proceeds to SBA. *Id*. at *2. The court found that plaintiffs had standing to seek

enforcement of their insurance contract and that SBA was not a necessary party to the litigation. *Id.*

Even if Lexington had filed the appropriate motion to alter or amend the judgment, neither case supports Lexington's argument that SBA and Road Home must be named as payees on Atkins' judgment. In *Hacienda*, unlike here, SBA was actually a party to the litigation and moved for summary judgment to receive its payment. Neither SBA nor Road Home has attempted to enforce their rights as assignees in this case. Plaintiff undoubtedly has an obligation to repay the loans, but, since neither lender is a party in the case, the Court sees no reason why the lenders should be named as payees on the judgment for the plaintiff.

If Lexington had filed the correct motion, it would have a better argument that Countrywide Homes must be named as a payee on the judgment. Plaintiff's insurance policy provides:

> If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

(Def.'s Trial Ex. 1). Because Countrywide Homes is named as a mortgagee on the Declarations Page of the policy, the insurance contract requires Lexington to name it as a payee for any losses payable under Coverage A or B. Thus, under the policy, Lexington has an obligation to protect the interests of the mortgagee.

Accordingly, the insurance policy, under which both plaintiff and defendant are bound, requires Lexington to make Countrywide Homes a payee on any proceeds paid to plaintiff under Coverage A or B, regardless of the terms of the judgment entered here.

New Orleans, Louisiana, this __4th__ day of February, 2009.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE